UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Thomas Cotter,<br><br>               Plaintiff,<br>   v.<br><br>Enhanced Recovery Corporation; and DOES 1-10, inclusive,<br><br>               Defendants. | Civil Action No.: _____<br><br>COMPLAINT<br><br>May 10, 2017 |

For this Complaint, Plaintiff Thomas Cotter, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff Thomas Cotter ("Plaintiff") is an adult individual residing in Norwalk, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Enhanced Recovery Corporation ("ERC") is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 ("Collectors") are individual collectors employed by ERC and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. ERC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

7. Plaintiff allegedly incurred a financial obligation ("Debt") to an original creditor ("Creditor").

8. The Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned, or transferred to ERC for collection, or ERC was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. ERC Engages in Harassment and Abusive Tactics

11. On or about February 9, 2017, ERC called Plaintiff's place of employment in an attempt to collect the Debt.

12. At that time, Plaintiff provided his identifying information and ERC advised that it was calling in an attempt to reach someone else (the "Debtor").

13. Plaintiff requested that ERC cease calling his work number, as the Debtor could not be reached there.

14. Thereafter, ERC continued calling Plaintiff's work number in an attempt to reach the Debtor.

15. On or about April 13, 2017, Plaintiff mailed a cease-and-desist letter to ERC in an effort to get the calls to stop.

16. ERC received the cease-and-desist letter on April 17, 2017.

17. Nevertheless, the calls continued.

C. Plaintiff Suffered Actual Damages

18. Plaintiff suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication.

22. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Punitive damages; and
5. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 24, 2017

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

**Email: slemberg@lemberglaw.com**
**Attorney for Plaintiff**