UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS COTTER, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-01437 |
| | : | |
| v. | : | **DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |
| ENHANCED RECOVERY CORPORATION; and DOES 1-10, inclusive, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Defendant Enhanced Recovery Company, LLC (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's Complaint filed by Plaintiff, Thomas Cotter ("Plaintiff").

## JURISDICTION

1. ERC denies the allegations contained in paragraph 1 of the Complaint.

2. ERC admits that venue is proper in this District, but denies committing any act or omission giving rise to the claims asserted in this matter.

## PARTIES

3. ERC admits that Plaintiff is an individual. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies the allegations.

4. ERC admits that it is a limited liability company organized under the laws of the state of Delaware and that it maintains an office at 8014 Bayberry Road, Jacksonville, Florida. The remaining allegations contained in paragraph 4 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required,

ERC states as follows: ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

5. ERC admits that it employs individuals to perform collection services on behalf of ERC for ERC's customers. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies the allegations.

6. The allegations contained in paragraph 6 of the Complaint contain legal conclusions and, therefore, contain no allegations to which a response is required. To the extent the allegations do not state a legal conclusion, ERC states as follows: ERC admits that it is engaged in the business of providing collection services on behalf of its customers and that it employs certain individuals to perform such services.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the allegations.

8. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the allegations.

9. ERC denies that it has record of attempting to collect on an account in the name of Plaintiff.

10. ERC denies the allegations contained in paragraph 10 of the Complaint.

11. ERC denies the allegations contained in paragraph 11 of the Complaint.

12. ERC denies the allegations contained in paragraph 12 of the Complaint.

SGR/16808163.1

13. ERC denies the allegations contained in paragraph 13 of the Complaint.

14. ERC denies the allegations contained in paragraph 14 of the Complaint.

15. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies the allegations.

16. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies the allegations.

17. ERC denies the allegations contained in paragraph 17 of the Complaint.

18. ERC denies the allegations contained in paragraph 18 of the Complaint.

19. ERC denies the allegations contained in paragraph 19 of the Complaint.

## COUNT I

20. ERC responds to the allegations contained in the foregoing paragraphs of the Complaint as set forth above.

21. ERC denies the allegations contained in paragraph 21 of the Complaint.

22. ERC denies the allegations contained in paragraph 22 of the Complaint.

23. ERC denies the allegations contained in paragraph 23 of the Complaint.

24. ERC denies the allegations contained in paragraph 24 of the Complaint.

25. ERC denies the allegations contained in paragraph 25 of the Complaint.

26. ERC denies the allegations contained in paragraph 26 of the Complaint.

## GENERAL DENIAL

27. ERC denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims against ERC for actual damages must be dismissed because Plaintiff has failed to set forth any allegations showing an entitlement to such damages.

### Third Affirmative Defense

Plaintiff's claims against ERC for actual damages are barred to the extent Plaintiff failed to mitigate such damages.

### Fourth Affirmative Defense

Plaintiff's claims against ERC under section 1692c of the Fair Debt Collection Practices Act must be dismissed because Plaintiff is not a statutorily defined consumer and, therefore, does not have standing to bring such a claim.

### Fifth Affirmative Defense

Plaintiff's claims against ERC for punitive damages must be dismissed because Plaintiff has failed to set forth any allegations showing an entitlement to such damages and such damages are not available under the Fair Debt Collection Practices Act.

### Sixth Affirmative Defense

Plaintiff's claims against ERC must be dismissed to the extent such claims are barred by the doctrines of waiver, estoppel, or unclean hands or a combination thereof.

**Seventh Affirmative Defense**

Plaintiff's claims against ERC must be dismissed to the extent that Plaintiff attempts to impose liability against ERC for the actions of third parties.

**CLAIM FOR ATTORNEYS' FEES**

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

**SMITH, GAMBRELL & RUSSELL, LLP**

 /s/ Jonathan Kline
Jonathan Kline
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9800
jkline@sgrlaw.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Sergei Lemberg, Esq.
Lemberg Law, LLC
13 Danbury Road, 3rd Floor
Wilton, CT 06897
Email: slemberg@lemberglaw.com
*Attorneys for Plaintiff*

                                                           /s/ Jonathan Kline
                                                           Jonathan Kline

SGR/16808163.1